## FIRST DEPARTMENT, MAY, 1962

### (May 1, 1962)

■ EDGAR DURHAM, Respondent, v. RAYJOHN CORP. et al., Appellants.

APPEAL from a judgment of the Supreme Court in favor of plaintiff, entered November 17, 1961, in New York County, upon a verdict rendered at a Special and Trial Term.

Judgment reversed on the law and on the facts, and in the exercise of discretion, with costs and a new trial ordered unless plaintiff stipulates to reduce verdict to $7,500, and, if so stipulated, judgment is modified by being reduced to that amount and is affirmed as thus modified, with costs. We believe the evidence presented a question for the jury whether, under the conditions which prevailed, the premises were dangerous. The premises consisted of an outdoor restaurant, to which plaintiff was a business invitee. Plaintiff's proof of damages included an item for loss of earnings. His proof in that respect did not establish his claim and could not support an award. The verdict, to the extent that such an award was included, is excessive. Settle order on notice.

McNALLY, J. (dissenting). Although I concur with the majority that the verdict was excessive, I dissent, in part, and vote to reverse and dismiss the complaint.

Defendants owned and operated an outdoor drive-in type restaurant on the waterfront at the end of City Island Avenue, The Bronx, N. Y. This restaurant is the type where food is bought for consumption off the premises. In connection with the restaurant defendants maintained an outdoor dining area with tables. The path leading to the dining area led directly from the restaurant and was level and well lighted. One outside the restaurant could see the path to the dining area. Defendants also maintained an asphalt surfaced parking lot in connection with the restaurant. The dining area extended between the water and the parking lot. The curb dividing the parking lot from the dining area was four to six inches high and painted white.

After obtaining food at the restaurant, plaintiff and his female companion returned to his automobile. Thereafter, plaintiff proceeded to the dining area with the food. Instead of using the safe approach to the said area provided by defendants, plaintiff attempted to enter it from the parking lot although his testimony is he was unable to see whether or not the way was clear. Proceeding with a tray of food in each hand, plaintiff stumbled and fell over the curbing which separated the parking lot from the dining area.

Plaintiff's testimony is that all the walks provided by defendants were well lighted; he admitted that he could see those places. Plaintiff had knowledge of the path leading directly to the dining area. Instead, he elected to grope his way in a strange place without knowing where he was going and without any right to believe that this was an approach to the dining area provided by defendants.

There is no obligation on the part of an owner to invitees to light the outdoor area on his property in the absence of defective conditions or conditions of peculiar danger. A plain and safe access to the dining area was afforded by defendants. Defendants were not under a duty to light the path selected by plaintiff for his own convenience. (Kimbar v. Estis, 1 N Y 2d 399, affg. 1 A D 2d 151.)

The curb at the edge of the parking lot was not unusual or dangerous.

In my opinion plaintiff failed to establish actionable negligence and was guilty of contributory negligence as a matter of law. The complaint should be dismissed.

Breitel, J. P., Valente, Stevens and Steuer, JJ., concur in decision; McNally, J., dissents in opinion.

Judgment reversed, etc.